DON BRITTON, *alias* ROY FERGUSON, *alias* BRYAN BRITTON v. THE STATE.

No. 20120. Delivered January 25, 1939.
Rehearing Denied March 8, 1939.

The opinion states the case.

*Margaret Waters* and *Ray Holder,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for burglary; punishment assessed is confinement in the state penitentiary for a term of twelve years.

The indictment, which we deem sufficient, charges that appellant had theretofore been convicted of a felony of like nature—burglary in Cause Number 2417 in Lee County, Texas, on April 27, 1936. Consequently the punishment which he received was authorized by Art. 62 P. C., which provides that "If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

The record is before us without a statement of facts or bills of exceptions. The objections to the court's charge cannot be properly appraised in the absence of a statement of facts.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, JUDGE.—The appellant asks for the granting of a motion for rehearing because of the fact that due to his inability to employ an attorney in his original trial in the lower court, his defense to the charge was not properly presented. There is no statement of facts in the record, and we are unable to tell what the proof was against him, nor can we speculate as to what his defense was, or should have been. However, we do find that he was represented by an attorney upon his trial, and a defense of insanity was presented to the trial court, and by the trial court charged upon in his charge to the jury. A further charge upon circumstantial evidence seems to have been refused. Doubtless the court did not think such a charge was called for by the facts, and in the absence of a statement of facts we presume that his ruling thereon was correct.

The motion is overruled.